IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CENTER FOR BIOLOGICAL DIVERSITY,

    Plaintiff,

v.

U.S. FISH & WILDLIFE,

    Defendant.

No. C 11-05108 JSW

**ORDER GRANTING CROPLIFE'S MOTION TO INTERVENE**

Now before the Court is the motion to intervene filed by CropLife America ("CropLife"). This matter is now fully briefed and ripe for decision. The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for March 30, 2012 is HEREBY VACATED.[1] Having considered the parties' arguments and relevant legal authority, the Court HEREBY GRANTS CropLife's motion to intervene.

**BACKGROUND**

Plaintiffs filed this action challenging the alleged failure of defendants Environmental Protection Agency ("EPA") and United States Fish and Wildlife Service ("FWS") to timely complete the consultation process under Section 7(a)(2) of the Endangered Species Act ("ESA") with regard to impacts on the California red-legged frog from sixty-four pesticides that are subject to the terms of this Court's prior Injunction and Order. The complaint in this matter

---

[1] Accordingly, Federal Defendants' motion to appear by telephone is DENIED as MOOT.

1 alleges that the delay constitutes a violation of Defendants' obligations under Section 7(a)(2) to
2 ensure that its registration actions do not jeopardize the continued existence of the red-legged
3 frog and that both defendant agencies are "allowing toxic pesticides to continue to harm the
4 frog." (Compl. at ¶¶ 1, 49.) Plaintiff requests that the Court order additional, permanent
5 restrictions on the sixty-four pesticides at issue "where they may affect the California red-
6 legged frog or its habitats until the consultation process has been completed." (*Id.* at ¶ 61.)

The proposed intervenors, the members of CropLife, are the owners of nearly all of the registrations for the pesticides whose use Plaintiff seeks to curtail. (Declaration of Douglas T. Nelson ("Nelson Decl."), ¶ 7.) Not only do they have property interests in the registrations, but those interests are further supported by CropLife's members' investment in the generation and submission of data, studies and analyses to support their registrations and their extensive involvement in the EPA's registration processes. (*Id.*)

Although the parties to this action stipulated to stay the matter in light of their settlement discussions, the Court permitted hearing on CropLife's motion to intervene in this action.

**ANALYSIS**

**A. Intervention as of Right.**

Pursuant to Federal Rule of Civil Procedure 24(a), an applicant seeking to intervene in a pending lawsuit "as of right" must demonstrate that: "(1) it has a significant protectable interest relating to the property or transaction that is the subject matter of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (internal citations omitted). An applicant must satisfy all four of these requirements. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

In evaluating these requirements, courts "are guided primarily by practical and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). Courts generally construe conflicts in favor of intervention. *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). "By allowing parties with a practical interest in the

outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court." *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (citation omitted). In addition, after the Ninth Circuit's ruling in *Wilderness Society v. United States Forest Service*, the Court may allow the interested party to intervene as of right on both the liability and the remedies phase of a case. 630 F.3d 1173, 1180 (9th Cir. 2011).

Plaintiff opposes CropLife's motion to intervene on the grounds that CropLife has not shown that its asserted interests are not adequately represented by the federal defendants. The Court finds that CropLife has made a sufficient showing that it has a significant protectable interest and that disposition of this action may, as a practical matter, impair or impede CropLife's ability to protect its interest. In addition, the Court finds that CropLife's motion to intervene is timely. Therefore, the Court will address whether CropLife has satisfied the disputed requirement of whether the federal defendants can adequately represent CropLife's asserted interests.

The Ninth Circuit has identified three factors to consider when determining whether existing parties adequately represent an intervenor applicant's interest: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *United States v. City of Los Angeles*, 288 F.3d 391, 398 (9th Cir. 2002) (citations omitted). The requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). The burden of making this showing is minimal. *Id*. And the rule permitting intervention is interpreted broadly. *See Forest Conservation Council*, 66 F.3d at 1493. However, "[w]hen an application for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. If the applicant's interest is

1 identical to that of one of the present parties, a compelling showing should be required to
2 demonstrate inadequate representation." *Arakaki*, 324 F.3d at 1086.

3 The Court is persuaded that CropLife has shown that its interests sufficiently differ from
4 the Defendants' interest. CropLife's members produce, distribute and sell a majority of the
5 crop protection, urban use and specialty pesticides listed by Plaintiff in the complaint. (Nelson
6 Decl., ¶¶ 2, 7.) Fifty-nine of CropLife's registrations are at issue in this case and, should
7 Plaintiff prevail, CropLife contends that those pesticide licenses will be completely or partially
8 revoked for use, subjecting CropLife's members to significant financial losses. (*Id.* at ¶ 3.)
9 While CropLife maintains that it has an interest in protecting specific pesticide registration and
10 preserving the value of those registrations, neither the EPA nor the FWS serve those interests,
11 but rather have an interest in "defending [the] policies and procedures that it utilizes in
12 regulating many potential harmful substances ...," while a manufacturer has "interests [that] are
13 more narrowly focused on proceedings relating to the particular pesticide [it] manufacture[s]."
14 *See Natural Resource Defense Council v. EPA*, 99 F.R.D. 607, 609 (D.D.C. 1983). The general
15 rule is that "[i]nadequate representation is most likely to be found when the applicant asserts a
16 personal interest that does not belong to the general public." *Forest Conservation Council*, 66
17 F.3d at 1499. The Court is persuaded that while the government represents the interests of the
18 public at large, CropLife represents its own financial interests in the potential regulation of their
19 product. Federal defendants stand in the place of the regulators and the proposed intervenor
20 stands in the place of the regulated. The Court finds these positions are not sufficiently aligned
21 to militate against intervention in this matter.

22 Therefore, the Court GRANTS CropLife's motion to intervene as of right pursuant to
23 Federal Rule of Civil Procedure 24(a).[2]

---

[2] Because the Court finds that intervention as of right is warranted, the Court will not address permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).

4

**CONCLUSION**

For the foregoing reasons, the Court HEREBY GRANTS CropLife's motion to intervene as of right in this action. The Court FURTHER ORDERS that CropLife shall meet and confer with all Defendants to avoid duplicative briefing on overlapping issues, where possible.

**IT IS SO ORDERED.**

Dated: March 22, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE