IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **Center for Biological Diversity,**<br><br>    Plaintiff,<br><br>    v.<br><br>**United States Fish and Wildlife Service et al.,**<br><br>    Defendants. | Case No. 3:11-cv-5108-JSW<br><br>**Stipulated Settlement Agreement for Attorneys' Fees and Costs and [Proposed] Order** |

This stipulated settlement agreement is made between Plaintiff Center for Biological Diversity ("CBD") and Federal Defendants United States Fish and Wildlife Service *et al.* to resolve the amount of Plaintiff's claim for attorney's fees and costs in this matter. In support of this Stipulation, the Plaintiff and Federal Defendants state as follows:

**Whereas**, the Court entered the stipulated settlement proposed by the Plaintiff and Federal Defendants as an order on November 4, 2013, Docket No. 76;

**Whereas**, the Plaintiff is entitled to reimbursement of reasonable attorneys' fees and costs under the terms of that settlement, Docket No. 76 ¶¶ 7–8;

**Whereas**, counsel for the Plaintiff and Federal Defendants have engaged in good faith and confidential settlement negotiations concerning the Plaintiff's claim for attorneys' fees and costs; and,

**Whereas**, the Plaintiff and Federal Defendants have reached a settlement of Plaintiff's claims for attorneys' fees and costs;

**Now, therefore**, in the interests of judicial economy and to avoid the need for a motion for attorneys' fees and costs, the Plaintiff and Defendants,

1

for good and valuable consideration, the adequacy of which is hereby acknowledged, **hereby stipulate and agree as follows**:

  1. The Federal Defendants agree to pay the Plaintiff's reasonable attorneys' fees and costs, pursuant to Section 11(g) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1540(g), in the amount of $99,217, payable to the Center for Biological Diversity.

  2. The Plaintiff agrees to provide written notice to the Federal Defendants of the form in which they elect to receive these funds, including all information necessary for the Federal Defendants to process this disbursement (including the payee's tax identification number), as soon as possible upon the signing of this Stipulated Settlement Agreement.

  3. The Federal Defendants agree to submit all necessary paperwork for the processing of this attorneys' fees award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g), within ten (10) business days of a court order approving this stipulation, provided that the Plaintiff has submitted the information required by paragraph 2.

  4. The Plaintiff agrees to accept payment of $99,217 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which the Plaintiff is entitled in the above-captioned litigation, through and including the date of this agreement.

  5. The Plaintiff agrees that receipt of this payment from the Federal Defendants shall operate as a release of the Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement, except that the Plaintiff reserves the right to seek additional fees and costs incurred arising from a need to enforce or defend against efforts to modify this Stipulated Settlement or for any other unforeseen continuation of

this action.

6.  Nothing in this agreement shall be interpreted as, or shall constitute, a requirement that the Federal Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341 or any other appropriations law.

7.  By this agreement, the Federal Defendants do not waive any right to contest fees claimed by the Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation or continuation of the present action. Further, this stipulation has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

8.  The parties agree that this Settlement Agreement was negotiated in good faith. By entering into this Agreement, the parties do not waive any claim or defense.

9.  The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

10. The terms of this Agreement shall become effective upon entry of this stipulation by the Court as an order.

Respectfully submitted April 4, 2014,

ROBERT G. DREHER,

    Acting Assistant Attorney General
    United States Department of Justice
    Environment & Natural Resources Division

SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Assistant Section Chief

    */s/ James A. Maysonett*
_____
JAMES A. MAYSONETT, Senior Trial Attorney

       Wildlife & Marine Resources Section
       P.O. Box 7611, Washington D.C. 20044
       (202) 305-0216, facsimile (202) 305-0275
       james.a.maysonett@usdoj.gov

COUNSEL FOR FEDERAL DEFENDANTS

*/s/ Collette Adkins Giese*
_____

Collette Adkins Giese (MN Bar # 035059X)
Justin Augustine (CA Bar # 235561)

CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 436-9682
Facsimile: (415) 436-9683
jaugustine@biologicaldiversity.org
cadkinsgiese@biologicaldiversity.org

Attorneys for Plaintiff

**It is so ordered.**

 April 8, 2014
_____
Date

_____
Jeffrey S. White
United States District Judge